## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CLAIRE HOSTERMAN,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )    Case No.   CIV-24-976-SLP
                                           )
                                           )
CITY OF STILLWATER, OKLAHOMA,              )    JURY TRIAL DEMANDED
BRYAN LUGINBILL,                           )
CHRISTIAN VANOVER,                         )
RYAN SIMPSON,                              )
ALI CATHER,                                )
GEMMA E. ANDRADE AGUILERA,                 )
RYAN SEXTON, and                           )
ROYCE STEPHENS                             )
                                           )
            Defendants.                    )

## DEFENDANT BRYAN LUGINBILL'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Bryan Luginbill ("Defendant") for his Answer to Plaintiff's Complaint

[Dkt. 1], hereby denies each and every material allegation not specifically admitted herein,

and additionally alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Defendant is without sufficient information to admit or deny the allegations in

paragraph 1 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time

and demands strict proof thereof.

2.      The allegations in paragraph 2 of Plaintiff's Complaint are not directed at

Defendant, thus no response is required. To the extent a response is required, Defendant

admits that the City of Stillwater is a municipality located in Payne County, Oklahoma. Defendant denies that the Stillwater Police Department is a department of the municipality.

3.     Defendant admits he is employed as an officer of the Stillwater Police Department. Defendant denies that he committed any violations of Plaintiff's constitutional rights.

4.     The allegations in paragraph 4 are not directed at this Defendant, thus no response is required. To the extent a response is required, Defendant admits that Ryan Simpson ("Simpson") is employed as an officer of the Stillwater Police Department. Defendant denies that Simpson committed any violations of Plaintiff's constitutional rights. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 4 of Plaintiff's Complaint. Defendant therefore denies those allegations at this time and demands strict proof thereof.

5.     The allegations in paragraph 5 are not directed at this Defendant, thus no response is required. To the extent a response is required, Defendant admits that Christian Vanover ("Vanover") was employed as an officer working in the Stillwater City Jail. Defendant denies that Vanover committed any violations of Plaintiff's constitutional rights. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 5 of Plaintiff's Complaint. Defendant therefore denies those allegations at this time and demands strict proof thereof.

6.     The allegations in paragraph 6 are not directed at this Defendant, thus no response is required. To the extent a response is required, Defendant admits that Gemma Aguilera Andrade ("Andrade") is employed as an officer working in the Stillwater City Jail. Defendant denies that Andrade committed any violations of Plaintiff's constitutional

rights. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 6 of Plaintiff's Complaint. Defendant therefore denies those allegations at this time and demands strict proof thereof.

7.    The allegations in paragraph 7 are not directed at this Defendant, thus no response is required. To the extent a response is required, Defendant admits that Ali Cather ("Cather") was employed as an officer working in the Stillwater City Jail. Defendant denies that Cather committed any violations of Plaintiff's constitutional rights. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 7 of Plaintiff's Complaint. Defendant therefore denies those allegations at this time and demands strict proof thereof.

8.    The allegations in paragraph 8 are not directed at this Defendant, thus no response is required. To the extent a response is required, Defendant admits that Ryan Sexton ("Sexton") is employed as an officer of the Stillwater Police Department. Defendant denies that Sexton committed any violations of Plaintiff's constitutional rights. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 8 of Plaintiff's Complaint. Defendant therefore denies those allegations at this time and demands strict proof thereof.

9.    The allegations in paragraph 9 are not directed at this Defendant, thus no response is required. To the extent a response is required, Defendant admits that Royce Stephens ("Stephens") is employed as an officer of the Stillwater Police Department. Defendant denies that Stephens committed any violations of Plaintiff's constitutional rights. Defendant is without sufficient information to admit or deny the remainder of the

allegations in paragraph 8 of Plaintiff's Complaint. Defendant therefore denies those allegations at this time and demands strict proof thereof.

10.    Defendant admits jurisdiction is proper in this Court. Defendant denies any of Plaintiff's rights secured by the Fourteenth Amendment as enforced by 42 U.S.C. § 1983 were violated.

11.    Defendant admits jurisdiction is proper in this Court. Defendant denies any of Plaintiff's rights secured by the Fourth or Fourteenth Amendments as enforced by 42 U.S.C. § 1983 were violated.

12.    Defendant admits venue is proper in this Court.

### FACTUAL ALLEGATIONS

13.    Defendant denies that any events giving rise to Plaintiff's claims occurred on September 22, 2023. To Defendant's knowledge and belief, all alleged events took place on September 22, 2022. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 13 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

14.    Defendant admits that he and Officers Simpson and McKinney responded to a call at the Union Bar on S. Washington Street regarding a woman acting belligerently. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 14 of Plaintiff's Complaint.

15.    Defendant admits that he made contact with an individual who appeared to be in a group with the Plaintiff when he arrived at the scene. Defendant is without sufficient

knowledge to admit or deny the remaining allegations in paragraph 15 of Plaintiff's Complaint; as such, they are deemed denied.

16.    Defendant admits that he told Plaintiff and Mr. Severs were told to move on. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 16 of Plaintiff's Complaint; as such, they are deemed denied.

17.    Defendant admits he made a statement to the effect of the statement quoted in numerical paragraph 17 of Plaintiff's Complaint. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 17 of Plaintiff's Complaint; as such, they are deemed denied.

18.    Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19.    Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20.    Defendant admits that he grabbed Mr. Severs by the wrist. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21.    Defendant admits that he grabbed Mr. Severs by the wrist. Defendant is without sufficient information to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

22.    Defendant admits McKinney and Simpson approached him, Severs, and Plaintiff. Defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 22 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

23.     Defendant is without sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

24.     Defendant is without sufficient information to admit or deny whether Plaintiff was tangled with Mr. Severs or managed to untangle herself from him. Defendant therefore denies that allegation at this time and demands strict proof thereof. Defendant denies the remainder of the allegations in paragraph 24 as phrased.

25.     Defendant denies the allegations in paragraph 25 as phrased.

26.     Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     Defendant admits that Simpson rolled Plaintiff on to her stomach and handcuffed her. Defendant denies the remainder of the allegations in paragraph 27 of Plaintiff's Complaint as phrased.

28.     Defendant admits the allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendant is without sufficient information to admit or deny the allegations in paragraph 29 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

30.     Defendant is without sufficient information to admit or deny the allegations in paragraph 30 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

31.     Defendant is without sufficient information to admit or deny the allegations in paragraph 31 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

32.    Defendant is without sufficient information to admit or deny the allegations in paragraph 32 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

33.    Defendant is without sufficient information to admit or deny the allegations in paragraph 33 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

34.    Defendant is without sufficient information to admit or deny the allegations in paragraph 34 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

35.    Defendant is without sufficient information to admit or deny the allegations in paragraph 35 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

36.    Defendant is without sufficient information to admit or deny the allegations in paragraph 36 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

37.    Defendant is without sufficient information to admit or deny the allegations in paragraph 37 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

38.    Defendant is without sufficient information to admit or deny the allegations in paragraph 38 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

39.     Defendant is without sufficient information to admit or deny the allegations in paragraph 39 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

40.     Defendant objects to the compound allegations in paragraph 40 of Plaintiff's Complaint, as the allegations do not comply with Fed. R. Civ. P. 10(b). Subject to and without waiving said objection, Defendant is without sufficient information to admit or deny the allegations in paragraph 40 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

41.     Defendant is without sufficient information to admit or deny the allegations in paragraph 41 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

42.     Defendant is without sufficient information to admit or deny the allegations in paragraph 42 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

43.     Defendant is without sufficient information to admit or deny the allegations in paragraph 43 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

44.     Defendant is without sufficient information to admit or deny the allegations in paragraph 44 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

45.    Defendant is without sufficient information to admit or deny the allegations in paragraph 45 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

46.    Defendant is without sufficient information to admit or deny the allegations in paragraph 46 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

47.    Defendant is without sufficient information to admit or deny the allegations in paragraph 47 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

48.    Defendant is without sufficient information to admit or deny the allegations in paragraph 48 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

49.    Defendant is without sufficient information to admit or deny the allegations in paragraph 49 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

50.    Defendant is without sufficient information to admit or deny the allegations in paragraph 50 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

51.    Defendant is without sufficient information to admit or deny the allegations in paragraph 51 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

52.     Defendant is without sufficient information to admit or deny the allegations in paragraph 52 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

53.     Defendant is without sufficient information to admit or deny the allegations in paragraph 53 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

54.     Defendant is without sufficient information to admit or deny the allegations in paragraph 54 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

55.     Defendant is without sufficient information to admit or deny the allegations in paragraph 55 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

56.     Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations in paragraph 79 of Plaintiff's Complaint.

## CAUSE OF ACTION
### VIOLATION OF THE FOURTH/FOURTEENTH AMENDMENTS
### TO THE CONSTITUTION OF THE UNITED STATES
### (42 U.S.C. § 1983)

**A.   UNDERLYING VIOLATIONS**

- **EXCESSIVE FORCE**

60.   Defendant incorporates his answers to the allegations set forth in paragraphs 1 through 59, as if fully set forth herein.

61.   The allegations in paragraph 61 are a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies that Plaintiff's clearly established Fourth Amendment rights were violated.

62.   The allegations in paragraph 62 are a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies that Plaintiff's clearly established Fourth Amendment rights were violated.

63.   Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64.   Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

65.   Defendant denies the allegations in paragraph 65 of Plaintiff's Complaint.

66.   Defendant denies the allegations in paragraph 66 of Plaintiff's Complaint.

- **UNLAWFUL STRIP SEARCH**

67.   The allegations in paragraph 67 are a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies that any alleged duty to ensure Plaintiff's safety was violated.

11

68.    The allegations in paragraph 68 are a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant denies that any alleged right to bodily integrity was violated.

69.    Defendant denies the allegations in paragraph 69 of Plaintiff's Complaint.

70.    Defendant is without sufficient information to admit or deny the allegations in paragraph 70 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

71.    Defendant is without sufficient information to admit or deny the allegations in paragraph 71 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

72.    Defendant is without sufficient information to admit or deny the allegations in paragraph 72 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

73.    Defendant is without sufficient information to admit or deny the allegations in paragraph 73 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

### B.    SUPERVISORY LIABILITY (CAPTAIN STEPHENS)

74.    Defendant incorporates his answers to paragraphs 1 through 73, as if fully set forth herein.

75.    Defendant denies the allegations in paragraph 75 of Plaintiff's Complaint.

76.    Defendant is without sufficient information to admit or deny the allegations in paragraph 76 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

77.    Defendant is without sufficient information to admit or deny the allegations in paragraph 77 of Plaintiff's Complaint. Defendant therefore denies the allegations at this time and demands strict proof thereof.

### C.    MUNICIPAL LIABILITY (CITY OF STILLWATER)

78.    Defendant incorporates his answers to paragraphs 1 through 77, as if fully set forth herein.

79.    Defendant denies the allegations in paragraph 79 of Plaintiff's Complaint.

80.    The allegations in paragraph 80 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. To the extent a response is required, Defendant objects to the compound allegations in paragraph 80 of Plaintiff's Complaint, as they do not comply with Fed. R. Civ. P. 10(b). Subject to and without waiving that objection, Defendant denies all of the allegations contained in subsections (a), (b), and (c) of paragraph 80 of Plaintiff's Complaint.

81.    The allegations in paragraph 81 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 81 of Plaintiff's Complaint.

82.    The allegations in paragraph 82 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 82 of Plaintiff's Complaint.

83. The allegations in paragraph 83 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 83 of Plaintiff's Complaint.

84. The allegations in paragraph 84 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 84 of Plaintiff's Complaint.

85. The allegations in paragraph 85 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 85 of Plaintiff's Complaint.

86. The allegations in paragraph 86 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 86 of Plaintiff's Complaint.

87. The allegations in paragraph 87 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 87 of Plaintiff's Complaint.

88. The allegations in paragraph 88 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant objects to the compound allegations in paragraph 88 of Plaintiff's Complaint, as they do not comply with Fed. R. Civ. P. 10(b). Subject to and without waiving that objection, Defendant denies all of the allegations contained in subparts (1), (2), and (3) of paragraph 88 of Plaintiff's Complaint.

89.    The allegations in paragraph 89 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 89 of Plaintiff's Complaint.

90.    The allegations in paragraph 90 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 90 of Plaintiff's Complaint.

91.    The allegations in paragraph 91 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 91 of Plaintiff's Complaint.

92.    The allegations in paragraph 92 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 92 of Plaintiff's Complaint.

93.    The allegations in paragraph 93 of Plaintiff's Complaint are not directed at Defendant, thus no response is required. Defendant denies the allegations in paragraph 93 of Plaintiff's Complaint.

94.    Defendant denies the allegations in paragraph 94 of Plaintiff's Complaint.

In response to the unnumbered "WHEREFORE" paragraph in Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief, including but not limited to compensatory damages, punitive damages, interest, attorneys' fees and costs, or any other relief.

## DEFENSES

Defendant Bryan Luginbill ("Defendant") submits the following defenses and affirmative defenses in answer to Plaintiff's Complaint:

1.    Plaintiff has failed to state any claim against Defendant for which any relief can be granted.

2.    Plaintiff has failed to state a claim against Defendant for any constitutional violation under 42 U.S.C. § 1983.

3.    The force which was used against Plaintiff during events leading up to and including her arrest were objectively reasonable and did not violate Plaintiff's constitutional rights.

4.    Plaintiff posed a safety risk to herself and others at the time of her arrest.

5.    Defendant is entitled to qualified immunity on Plaintiff's claims against him.

6.    Defendant denies that the rights Plaintiff alleges were violated were clearly established at the time of her arrest and detention.

7.    Defendant denies the nature and extent of Plaintiff's alleged injuries and/or damages.

8.    Defendant denies that any damages allegedly suffered by Plaintiff were caused or contributed to by an act or omission of Defendant.

9.    Plaintiff has failed to state a claim for punitive damages against Defendant.

10.    Plaintiff's damages in this case are limited pursuant to applicable state and federal law.

16

11.	Defendant is entitled to a settlement credit or off-set regarding any settlement with any other party in this case pursuant to 12 O.S. § 832(H), other state law, and/or federal common law.

12.	Defendant reserves the right to modify to add additional defenses or affirmative defenses as discovery proceeds.

Respectfully submitted,

s/ W.R. Moon Jr.
W.R. Moon, Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:	(405) 524-2070
Facsimile:	(405) 524-2078
E-mail:	wrm@czwlaw.com

***ATTORNEY FOR DEFENDANTS:***
***CITY OF STILLWATER, BRYAN***
***LUGINBILL, RYAN SIMPSON, RYAN***
***SEXTON, AND ROYCE STEPHENS***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen
Robert M. Blakemore
Bryon D. Helm
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhelm@ssrok.com

***Attorneys for Plaintiff***

s/ W.R. Moon Jr.
W.R. Moon, Jr.

18