# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CLAIRE HOSTERMAN

      Plaintiff,

v.

CITY OF STILLWATER, OKLAHOMA, et al.,

      Defendants.

Case No. CIV-24-976-SLP

## AGREED PROTECTIVE ORDER

Pursuant to the parties' Joint Motion for Protective Order filed at Doc. 28, the Court enters the following Protective Order. Certain documents and information being exchanged or produced in this case should be treated as confidential as set forth below:

1.      The term "Confidential Material" as used in this Protective Order shall mean all information, documents, and material which has not been made public, is not otherwise considered an open record as defined by Oklahoma law, or otherwise published by the plaintiff or the defendants (hereinafter referred to collectively as "the Parties") and which is private and confidential, and may specifically include the following materials: any person's tax records or returns, W2s, 1099s, educational transcripts, employee/personnel files and any documents maintained therein, jail video surveillance, internal policies and procedures, policies and any document related to any agreement of insurance maintained by any party to this case, medical records and/or mental health records. The distribution of "Confidential Material" will be restricted to the "qualified persons" described below, and is not to be divulged to any others, unless disclosure to others is subsequently authorized

by this Court, or disclosure is subsequently authorized by the party producing the items, or the confidentiality is waived by the party producing it by the publication of it to third persons, or the information is or otherwise becomes available to the public.

2.    Any item deemed to be "Confidential Material" shall be so designated by one of the counsel for the party producing it, and such designation by counsel constitutes a representation on the part of such counsel, that the document, material, or other information so designated, is legitimately "confidential." The Parties may mark documents as confidential that were produced prior to the entry of the protective order, if such designation is made within seven (7) days after the date this Order is filed. Any party may move, after conferring in good faith, to dispute the "confidential" designation, in which case the party making the confidential designation shall have the burden of proof.

3.    All Parties do not necessarily stipulate or agree that all the information and documents described in Paragraph 1 are "confidential" as a matter of law. Rather, the Parties are entering this Agreed Protective Order to facilitate the free flow of discovery. The Parties will treat any document designated as "Confidential", under the terms of this Agreed Protective Order, as such.  However, the Parties fully reserve their right to object to or otherwise challenge any "Confidentiality" designation by motion filed with this Court.

4.    All Confidential Material shall be used only for the purposes of this above-styled litigation and not for any other litigation, including any criminal proceedings against Plaintiff Claire Hosterman, publication, or purpose whatsoever. Nothing herein shall be deemed to restrict in any way a party or its attorneys' use of its own documents.

2

Except with prior written consent of the party who has produced or provided the Confidential Material, or to whom the Confidential Material relates, or with the Court's permission, Confidential Material and any copies or portions thereof shall not be disclosed except to the following (hereinafter "Qualified Person"):

(a)     Counsel of record for the respective Parties to this litigation and regular employees of such counsel who are working directly with and under the supervision of such counsel in the prosecution or defense of this litigation.

(b)     Parties and employees of same who must know this information in order to prosecute or defend this action;

(c)     An expert expressly retained by counsel of record in this action to testify, consult, or assist in the preparation of this action for trial;

(d)     Persons whose depositions have been scheduled either by Notice and/or Subpoena or upon agreement of the Parties or whose depositions have been requested by any party;

(e)     The court and its personnel in the conduct of their official duties; and

(f)     Persons or representatives of entities involved in the decision-making process as it relates to any potential settlement of this case.

5.     A party may designate as Confidential Material such portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential Material. In addition, if a document previously designated as Confidential Material is used

as an exhibit at a deposition, that document shall be deemed Confidential Material regardless of whether any person makes a formal designation.

6.     A party may designate as Confidential Material such portion of any written discovery response which contains or discloses Confidential Material.

7.     The court reporter shall be advised of the confidential nature of the material.

8.     This Order governs the exchange and use of documents and information before trial. The use and protection of Confidential Material during the trial of this action and after shall be subject to further order of the trial judge

9.     Counsel have a duty to affirmatively advise each Qualified Person, as defined in Paragraph 2, to whom Confidential Material is disclosed about the existence, nature, and effect of this Protective Order.

10.     The provisions of this Protective Order shall not terminate at the conclusion of this action. At the time of the termination of this action, all Confidential Material and all copies of same shall be maintained by counsel for the Parties, in such counsel's ordinary course of business, so long as confidentiality of such records is maintained in accordance with this Order. However, if any Party to this action obtains any medical records and/or protected health information ("PHI") during this action for individuals who are *not* parties to this action, the Party who obtained said records/PHI will, at the conclusion of this action, return the records/PHI to the person/entity from which they were obtained, or provide the person/entity with satisfactory assurances that all copies have been destroyed.

11.     Nothing in this Order limits the Court's ability to make modifications to this Protective Order in the future that the Court determines necessary or appropriate. Nothing

4

in this Protective Order is intended to address the admissibility of Confidential Material at any proceeding.

12.    This Order shall extend Leave of Court to any party seeking to use any document or information that has been designated "Confidential" as an exhibit to any pleading, brief or other court filing to electronically file said exhibit that contains "Confidential" information under seal. Any such exhibit which is electronically filed under seal shall be electronically filed under seal in accordance with the Filing and Viewing Civil Sealed/Ex Parte Documents Submitted Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District Court for the Western District of Oklahoma. Pursuant to Section III.A. of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Manual, only those portions of a document that must be filed under seal should be electronically filed under seal. If, however, a party files a brief, pleading or other court filing which contains substantial argument or information about that information which has been designated "Confidential," that party may either:

a.    Redact all such personal identifier information, "Confidential" information or reference to information which has been designated "Confidential," and file a separate, unredacted, version of the brief, pleading or other court filing in accordance with this Paragraph 6; Section III.A. of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Procedures Manual; and the Filing and Viewing Civil Sealed/Ex Parte Documents Submitting Sealed Proposed Orders instructions, effective

May 1, 2015, located on the website for the United States District Court for the Western District of Oklahoma, or

b. that party may, by separate motion, seek Leave of Court to file the entire brief, pleading or other court filing under seal.

13. The parties agree to comply with ECF Policies and Procedures.

**IT IS SO ORDERED this 12th day of February, 2025.**

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE