IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLAIRE HOSTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-24-976-SLP |
| | ) | |
| | ) | |
| CITY OF STILLWATER,  OKLAHOMA, | ) | |
| BRYAN LUGINBILL, | ) | |
| CHRISTIAN VANOVER, | ) | |
| RYAN SIMPSON, | ) | |
| ALI CATHER, | ) | |
| GEMMA E. ANDRADE AGUILERA, | ) | |
| RYAN SEXTON, and | ) | |
| ROYCE STEPHENS | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT'S CITY OF STILLWATER'S NOTICE OF SUBPOENA DUCES TECUM TO NON-PARTY**

Pursuant to Fed. R. Civ. P. 45, the Defendant City of Stillwater will issue the below listed subpoena, a copy of which is attached hereto.  No testimony will be taken, and the entity to whom the subpoena is directed is ordered only to produce the documents or things for inspection and/or copying:

| NAME AND ADDRESS | DATE/TIME/PLACE |
|---|---|
| SnapChat LLC<br>c/o Custodian of Records Snap Inc.<br>63 Market Street<br>Venice, CA 90291 | April 3, 2025 at 5:00 p.m.<br>Collins, Zorn & Wagner<br>429 N.E. 50th Street<br>Oklahoma City, OK 73105 |

Respectfully submitted,


s/ W.R. Moon Jr.
W.R. Moon, Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
E-mail:       wrm@czwlaw.com

***ATTORNEY FOR DEFENDANTS:***
***CITY OF STILLWATER, BRYAN***
***LUGINBILL, RYAN SIMPSON, RYAN***
***SEXTON, AND ROYCE STEPHENS***

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


Daniel E. Smolen
Robert M. Blakemore
Bryon D. Helm
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhelm@ssrok.com

***Attorneys for Plaintiff***

2

Robert S. Lafferrandre
Jessica L. Dark
William Nester
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
rlafferrandre@piercecouch.com
jdark@piercecouch.com
rnester@piercecouch.com

**Attorneys for Defendants**
**Christian Vanover, Ali Cather and**
**Gemma E. Aguilera Andrade**

s/ W.R. Moon Jr.
W.R. Moon, Jr.

3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Oklahoma

| | | |
|---|---|---|
| CLAIRE HOSTERMAN,<br>*Plaintiff* | ) )  ) | |
| v. | ) | Civil Action No. CIV-24-976-SLP |
| | ) | |
| CITY OF STILLWATER, et al.,<br>*Defendants* | ) ) | |
| | ) ) ) ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    SnapChat LLC
c/o Custodian of Records Snap Inc.
63 Market Street
Venice, CA 90291

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the  material:

A full and complete set of all records, posts, user data, messages and data usage records for the username: @idekclaire for the time period of September 20, 2022 through September 22, 2023.

| Place:  Collins, Zorn & Wagner, PLLC<br>429 N.E. 50th Street, 2nd Floor<br>Oklahoma City, OK 73105 | Date and Time:<br>April 3, 2025 at 5:00 p.m. |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   March 13, 2025

| *CLERK OF COURT* | OR | s/W.R. Moon Jr. |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Defendant, who issues or requests this subpoena, is:

W.R. Moon Jr., OBA No. 32079, COLLINS, ZORN & WAGNER, PLLC
429 NE 50TH Street, 2nd Floor, Oklahoma City, OK 73105
(405) 524-2070, Fax: (405) 524-2078, wrm@czwlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).