**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLAIRE HOSTERMAN,      ) | |
|      ) | |
|     Plaintiff,      ) | |
|      ) | |
| v.      ) | Case No.  CIV-24-976-SLP |
|      ) | |

CLAIRE HOSTERMAN,     )

           Plaintiff,     )

v.     )    Case No.  CIV-24-976-SLP

CITY OF STILLWATER, OKLAHOMA,     )
BRYAN LUGINBILL,     )
CHRISTIAN VANOVER,     )
RYAN SIMPSON,     )
ALI CATHER,     )
GEMMA E. ANDRADE AGUILERA,     )
RYAN SEXTON, and     )
ROYCE STEPHENS     )

           Defendants.     )

## <u>JOURNAL ENTRY OF JUDGMENT</u>

Plaintiff Claire Hosterman, appears by and through her attorney Dan Smolen. Defendant City of Stillwater appears by and through its attorney W.R. Moon Jr. The defendants Bryan Luginbill, Christian Vanover, Ryan Simpson, Ali Cather, Gemma E. Andrade Aguilera, Ryan Sexton, and Royce Stephens, having been dismissed from the action with prejudice, appear not.

The parties having waived trial, the Court finds on this 6th day of April, 2026, the City Council of the City of Stillwater approved a resolution authorizing the attorneys representing the City to enter into an economic settlement and agreed judgment in the cause herein as evidenced by the Settlement Agreement between Plaintiff Claire Hosterman and Defendant City attached hereto and made a part hereof as "Exhibit 1," and the Stillwater City Council Resolution attached hereto and made a part hereof as "Exhibit 2."

1. **<u>Judgment in favor of Plaintiff Claire Hosterman against Defendant City of Stillwater.</u>**

The Court finds that pursuant to the terms of the Settlement Agreement [Exhibit 1], Plaintiff Claire Hosterman is entitled to recover from the Defendant City of Stillwater the sum of Two Million Five Hundred Fifty-Five Thousand Dollars ($2,550,000.00) – payable pursuant to the terms of said Settlement Agreement, which includes settlement of all claims and causes of action, including pre-judgment interest, attorney fees and costs.

2. **<u>Economic Settlement of Disputed Claims.</u>**

The Court further finds that by stipulation of the parties, this economic settlement is based upon disputed claims concerning which liability of all Defendants still deny and the validity of which the Plaintiff still asserts.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that, in resolution of all claims and causes of action, to include pre-judgment interest, attorney fees and costs: (1) the Plaintiff, Claire Hosterman, recover judgment against the Defendant, City of Stillwater, in the amount of Two Million Five Hundred Fifty-Five Thousand Dollars ($2,550,000.00) – payable pursuant to the terms of the Settlement Agreement attached hereto as Exhibit 1.

IT IS SO ORDERED this 6th day of April, 2026.

_____

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**

APPROVED AS TO FORM:


s/Bob Blakemore
*(signed with permission)*
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhelm@ssrok.com

*Attorneys for Plaintiff*



s/W.R. Moon Jr.
W.R. Moon Jr.
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105-1815
Telephone:  (405) 524-2070
Facsimile:  (405) 524-2078
E-mail:  wrm@czwlaw.com

*Attorney for Defendant City of Stillwater*

## RELEASE OF ALL CLAIMS, INDEMNIFICATION AND SETTLEMENT AGREEMENT

For the sole consideration of the amounts set out below, the sufficiency whereof is hereby acknowledged, **CLAIRE HOSTERMAN**, hereby acknowledges full settlement and satisfaction of all claims of whatever kind or character she, her heirs, next of kin, successors, administrators, executors, assigns, and any beneficiaries ("Releasor") may have against **CITY OF STILLWATER, BRYAN LUGINBILL, individually, CHRISTIAN VANOVER, individually, RYAN SIMPSON, individually, ALI CATHER, individually, GEMMA E. ANDRADE AGUILERA, individually, RYAN SEXTON, individually, and ROYCE STEPHENS, individually**, and all of their trustees, agents, servants, elected or appointed officials, current and former employees, insurers, and any other affiliated entities or persons thereof ("Released Parties") that were or could have been asserted in the lawsuit styled *Claire Hosterman, Plaintiff v. City of Stillwater, Oklahoma, et al. Defendants,* No. CIV-24-976-SLP filed in the United States District Court for the Western District of Oklahoma ("Litigation").

**1. RELEASE.** Claire Hosterman, hereby releases and forever discharges Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, emotional distress, pain and suffering, injuries, actions, causes of action, suits, rights, demands, costs, attorneys' fees, losses, debts and expenses, punitive or liquidated damages, loss of wages, loss of earning capacity, loss of consortium, medical costs and/or other compensation of any nature whatsoever whether known or unknown, with respect to or arising out of all claims asserted or which could have been asserted in the Litigation.

This release includes claims for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any, whenever incurred, or suffered by Claire Hosterman as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, related to the incident alleged to have occurred on or about September 22, 2023, in Stillwater, Oklahoma, through the effective date of this Agreement.

**2. SETTLEMENT PROCEEDS.** It is agreed that the sum payment of two million five hundred and fifty thousand dollars (**$2,550,000.00**) ("Settlement Sum") is in exchange for a full and final settlement and it is further understood and agreed that this settlement is the compromise of a disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the City of Stillwater, Bryan Luginbill, Christian Vanover, Ryan Simpson, Ali Cather, Gemma E. Andrade Aguilera, Ryan Sexton, and/or Royce Stephens. All the claims are denied by the Released Parties.

The total Settlement Sum will be paid as further set out below. Releasor will provide counsel for Released Parties a fully executed original copy of this Agreement, and all other documents necessary to effectuate settlement and payment [to include but not necessarily limited to: (a) Journal Entry of Judgment against City of Stillwater, (b) Joint Stipulation of Dismissal with Prejudice for individual defendants, and (c) Assignment of Judgment]. It is understood that payment of the Settlement Sum will be made with eight hundred and seventy-five thousand dollars ($875,000.00) being paid by the City of Stillwater's insurer OMAG and one million six hundred and seventy-five thousand dollars ($1,675,000.00) to be paid by the City of Stillwater or its assignees at the sole discretion of the City of Stillwater. The individual defendants will be

EXHIBIT 1

dismissed from the Litigation with prejudice to re-filing the same within five (5) days of the execution of this agreement; Releaser will take all further action required to obtain the dismissal with prejudice. Releasor acknowledges that further investigation, a lawsuit, a trial on the merits, discovery, and any right of appeal or review of any matter in the Litigation is hereby expressly waived by Releasor.

Upon: (1) execution of this Agreement by the Releaser and delivery of the same to City's counsel, W.R. Moon Jr. with the fully completed IRS W-9 form referenced below; (2) approval and acceptance of the aforementioned Journal Entry of Judgment by the Court; (3) filing of the Joint Stipulation of Dismissal with the Court, (4) execution of the aforementioned Assignment of Judgment and delivery of the same to City's counsel, (5) execution and delivery to City's counsel of any other necessary documents, the Settlement Sum will be delivered to counsel for Releasor, on or before April 25, 2026 provided all of the foregoing requirements of this paragraph are met.

Claire Hosterman further represents and warrants that there are no outstanding liens or judgments existing on or concerning the Settlement Sum. To the extent that Releasor, has medical bills related to any treatment or care provided for any of the alleged injuries or damages asserted in the Litigation, Releasor understands it is the Releasor's sole responsibility to pay these amounts and there will be no further payments made by the Released Parties.

Releasor further represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever any claims of any kind or character based upon, arising out of, or alleged to have been suffered in or as a consequence of the allegations in the Litigation. Releasor agrees to indemnify and hold harmless the Released Parties from and against any such claim or claims so asserted by any other party based on or arising out of any such assignment or transfer of claims instigated by Releasor.

The payment of $2,550,000 shall be the entire obligation of the Released Parties. Releasor understands that no additional amounts will be paid by Released Parties for attorneys' fees, costs, medical expenses, or any other expense or cost arising out of, or in any way related to, the claims asserted by Releasor other than that which is set forth in the paragraphs below. The settlement amount as discussed herein is to be disbursed as follows:

    a. $875,000.00 made payable jointly by check made out to "Claire Hosterman and Smolen and Roytman" by City of Stillwater's insurer OMAG

    b. $1,675,000.00 made payable jointly by check made out to "Claire Hosterman and Smolen and Roytman" by the City of Stillwater or its assignees at the sole discretion of the City of Stillwater.

3. **TAXATION.** Releasor agrees that no party warrants or represents how the United States Internal Revenue Service (IRS) or any other governmental taxing authorities will treat the payments described herein for tax purposes and agree that no further payment of money will be due to Releasor in the event that the payment or the release of claims is found to be or result in taxable income to Releasor. Releasor agrees that he will make his own provisions regarding taxes, if any, on any sums received under this Release below and confirms that he has not relied upon any representation, either express or implied, by the City of Stillwater or any of its attorneys,

2

EXHIBIT 1

representatives, or insurers, with regard to the potential tax consequences of this Release. Releasor agrees to indemnify the Released Parties, its insurer, and the law firms of Collins, Zorn, & Wagner, PLLC, for and against any claim for tax liability.

**4. NO ADMISSION OF LIABILITY AND OTHER PROCEEDINGS.** The Releasor agrees that this is a compromise agreement to settle the claims that were or could have been asserted in the Litigation without incurring additional costs and without admitting any liability on the part of any Released Party whatsoever.

As a material aspect of this Agreement, Releasor represents that other than the Litigation, Releasor has not filed any complaints, civil actions, grievances, claims, lawsuits, charges, and/or other legal or administrative proceedings against the Released Parties with any federal, state or local court, agency, or other body based upon events or matters arising out of the allegations discussed in the Litigation. To the extent, Releasor has filed any such complaint or litigation against the Released Parties, Releasor agrees to immediately dismiss such claim and/or litigation with prejudice once payment has been received.

**5. RELIANCE.** Releasor declares and represents, in making this Release and agreement, that it is understood and agreed that she has sought counsel and is relying wholly upon her own judgment, belief, and knowledge of the nature, extent, severity and duration of any alleged damages, and that she has not been influenced to any extent whatsoever in making this Release by any representatives or statements regarding said damages, or regarding any other matters, made by the parties who are hereby released, or by any person or persons representing the parties released by this document.

**6. MEDICARE, MEDICAID AND SCHIP EXTENSION ACT.** For the purposes of this paragraph, the following terms will have the following meanings:

a.    "CMS" means the Centers for Medicare & Medicaid Services within the U.S. Department of Health and Human Services, including any agents, representatives, or contractors of CMS, such as the Coordination of Benefits Contractor ("COBC") or Medicare Secondary Payer Recovery Contractor ("MSPRC").

b.    "Conditional Payments" shall have the meaning ascribed to it under the MSP Statute and implementing regulations.

c.    "MMSEA" means the Medicare, Medicaid, and SCHIP Extension Act of 2007 (P.L. 110-173), which, in part, amended the Medicare Secondary Payer statute at 42 U.S.C. § 1395y(b)(7) and (8). This portion of MMSEA is referred to herein as "Section 111 of MMSEA".

d.    "MSP Statute" means the Medicare Secondary Payer ("MSP") statute. 42 U.S.C. § 1395y(b).

e.    "Released Matter" means any released accident, incident, occurrence, injury, illness, disease, loss, claim, demand, or damages that are subject to the Agreement and releases herein.

3

EXHIBIT 1

f.      "Released Parties" means the Parties Released as defined and referenced above; their past, present and future officers, directors, members, shareholders, employees, parent companies, subsidiaries, divisions, affiliates, insurers, and attorneys; and their respective predecessors, successors, and assigns.

Releasor represents Claire Hosterman is not enrolled in the Medicare program at the time of the Released Matters. Releasor affirmatively represents and warrants that Medicare has made no payments for treatment related to the Released Matters or any claims asserted in the Litigation.

Releasor further represents and warrants that no Medicaid payments have been made to or on behalf of Releasor or the Estate and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any Released Matters. Releasor further agrees that she, and not Released Parties, shall be responsible for satisfying any and all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

To the extent that Releasor's representations and warranties related to Claire Hosterman's Medicare status and receipt of medical services and items related to the Released Matters are inaccurate, not current, or misleading, Releasor agrees to indemnify and hold harmless Released Parties from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, or any other person or entity, arising from or related to this Agreement, the payment of the settlement amount, any Conditional Payments made by Medicare, or any medical expenses or payments arising from or related to any Released Matters that is subject to this Agreement or the release set forth herein, including but not limited to: (a) all claims and demands for reimbursement of Conditional Payments or for damages or double damages based upon any failure to reimburse Medicare for Conditional Payments; (b) all claims and demands for penalties based upon any failure to report, late reporting, or other noncompliance with or violation of Section 111 of MMSEA that is based in whole or in part upon late, inaccurate, or inadequate information provided to Released Parties by Releasor or Releasor's Counsel or upon any failure of Releasor to provide information; and (c) all Medicaid liens. This indemnification obligation includes all damages, double damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of Released Parties in connection with such claims, demands, subrogated interests, or causes of action. Regardless of the accuracy of the representations and warranties made above, Releasor agrees to indemnify and hold Released Parties harmless for taxes on the payments made to Releasor and any tax consequences related thereto, except those prohibited by law.

7.  **DRAFTING.** The agreements contained herein shall not be construed in favor of or against the other party but shall be construed as if all Parties prepared this Agreement.

8.  **ENTIRE AGREEMENT.** This Release contains the entire agreement between the parties hereto and the terms of this Release are contractual and not a mere recital.

9.  **INVALID PROVISIONS.** If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable and this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part hereof; and the remaining provisions hereof

4

EXHIBIT 1

shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance here from. Furthermore, in lieu of such illegal, invalid or unenforceable provision, the court that found such provision to be illegal, invalid, or unenforceable shall add as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible to allow the full Agreement to maintain its legality, validity, and enforceability while effectuating a fair, equitable, and just result for all Parties.

**10. DUPLICATES.** This Agreement may be executed in multiple counterparts, each of which will be an original instrument, but all of which will constitute one agreement.

**11. ASSIGNMENT.** This Agreement may not be assigned by Releasor absent written consent of the City of Stillwater.

**12. ADDITIONAL DOCUMENTS.** The Parties will execute all such further documents that shall be necessary to lawfully carry out the provisions of this Agreement.

**13. CLAIMS ARISING UNDER THIS AGREEMENT & GOVERNING LAW.** This Agreement and any dispute arising thereunder will be governed by Oklahoma law without regard to any conflict-of-law principles. In the event any Party seeks to challenge or enforce the provisions of Agreement by initiating any type of judicial, agency, or other governmental proceeding, the prevailing party in such proceeding shall be entitled to all costs incurred as a result of prosecuting or defending against the claims or charges in such proceeding, including reasonable attorney fees.

**14. SECTION HEADINGS.** Section headings are used herein for the convenience of reference and shall not affect the meaning of any provisions in this Agreement.

[this space intentionally left blank]

5

EXHIBIT 1

BY SIGNING BELOW, CLAIRE HOSTERMAN ACKNOWLEDGES AND ADOPTS THE FOLLOWING:

(A)    I have received a copy of this Agreement and I have been given sufficient time to review it and consider it;

(B)    I have consulted with my attorney prior to executing this agreement;

(C)    No promise or inducement for this Agreement has been made except as set forth in this Agreement;

(D)    I am legally competent and authorized to execute this Agreement and accept full responsibility for it; and

(E)    I have carefully read this Agreement, including the release set forth therein. I acknowledge I have not relied on any representation or statement, written or oral, except those set forth in this document and I warrant and represent that I am signing this Agreement knowingly and voluntarily.

**THE UNDERSIGNED HAS CAREFULLY READ THE FOREGOING RELEASE,** understands the contents thereof, and signs the same as a result of her own free and voluntary acts.

DATED this __26__ day of March, 2026.

_____
CLAIRE HOSTERMAN

**ATTESTATION**

On this __16__ day of __March__, 2025, before the undersigned notary public in and for said county and state, personally appeared **CLAIRE HOSTERMAN**, known to me to be the person named herein, and whose name is subscribed to the foregoing Release of All Claims, and acknowledged that she executed the same as her free and voluntary act and deed.

Seal

_____
Notary Public

Commission # 08001503
My Commission Expires 02-05-2028
STATE OF OKLAHOMA

6

EXHIBIT 1

**THE UNDERSIGNED HAS CAREFULLY READ THE FOREGOING RELEASE,** understands the contents thereof, and signs the same as a result of his own free and voluntary acts.

DATED this 30TH day of March, 2026.

_WILLIAM H. JOYCE, Mayor_
City of Stillwater

### ATTESTATION

On this 30 day of March, 2025, before the undersigned notary public in and for said county and state, personally appeared **WILLIAM H. JOYCE,** known to me to be the person named herein and whose name is subscribed to the foregoing Release of All Claims, and acknowledged that she executed the same as her free and voluntary act and deed.

TERESA KADAVY
Notary Public, State of Oklahoma
Seal Commission # 18001538
My Commission Expires 02-14-2030

_Teresa Kadavy_
Notary Public

APPROVED AS TO FORM:

Dan Smolen
Bob Blakemore
Bryon Helm
Counsel for Claire Hosterman

Kimberly Carnley
City Attorney

7

EXHIBIT 1

RESOLUTION NO. CC-2026- 6

**A RESOLUTION OF THE STILLWATER CITY COUNCIL APPROVING A SETTLEMENT AGREEMENT IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA CASE *HOSTERMAN VS. CITY OF STILLWATER, ET AL.*, CASE NO. CIV-24-976-SLP; AUTHORIZING THE CITY ATTORNEY AND THE LAW FIRM OF COLLINS ZORN & WAGNER TO PREPARE AND FILE APPROPRIATE DOCUMENTS TO EFFECTUATE SETTLEMENT, INCLUDING A JOURNAL ENTRY OF JUDGMENT; AND FURTHER DIRECTING THE ATTORNEYS TO DRAFT AND FILE NECESSARY DOCUMENTS INCLUDING AN ASSIGNMENT AS MAY BE NECESSARY TO EFFECTUATE THE SETTLEMENT, AND TO PLACE SAID JUDGMENT ON THE SINKING FUND; AND AUTHORIZING THE MAYOR TO SIGN THE SETTLEMENT AGREEMENT AND ANY RELATED DOCUMENTS FOR THIS PURPOSE**

WHEREAS, the lawsuit styled Hosterman vs. City of Stillwater, et al., has been filed in the United States District Court of the Western District of Oklahoma (Case No. CIV-24-976-SLP); and

WHEREAS, it is the desire of the City Council to settle the above-referenced lawsuit without an admission of liability; and

WHEREAS, the City Council finds that a settlement of Two Million Five Hundred Fifty Thousand Dollars ($2,550,000), which includes all claims, costs, pre-judgment interest and attorney's fees to constitute a just and reasonable economic settlement of the claims; and

WHEREAS, the total settlement amount shall be paid as follows: Eight Hundred Seventy-Five Thousand Dollars ($875,000) to be paid by Oklahoma Municipal Assurance Group pursuant to the City's applicable insurance policy, and One Million Six Hundred Seventy-Five Thousand Dollars ($1,675,000) to be paid by the City; and

WHEREAS, the settlement shall include a dismissal with prejudice of all individually named defendants and a release of liability from the Plaintiff to the City and all individually named defendants; and

WHEREAS, it is the desire of the City Council to approve such settlement agreement and authorize the City Attorney and the law firm of Collins Zorn & Wagner to prepare and file all necessary documents, including a journal entry of judgment and assignment to effectuate said settlement agreement and any other documents necessary to place the judgment on the sinking fund.

EXHIBIT 2

NOW, THEREFORE, BE IT RESOLVED, BY THE CITY COUNCIL OF THE CITY OF STILLWATER, OKLAHOMA THAT:

The City Council approves a settlement agreement in Hosterman vs. City, et al., Case No. CIV-24-976-SLP, and payment of the City's portion of the settlement in the amount of One Million Six Hundred Seventy-Five Thousand Dollars ($1,675,000).

BE IT FURTHER RESOLVED, that the City Attorney and the law firm of Collins, Zorn, & Wagner are hereby authorized to prepare and file all necessary documents, including a journal entry of judgment and assignment, and any other documents that may be necessary to effectuate said settlement agreement and to place the judgment on the sinking fund, and the Mayor is hereby  authorized to sign the settlement agreement and any related documents necessary to effectuate the settlement and place the judgment on the sinking fund.

PASSED AND ADOPTED THIS 23RD DAY OF MARCH 2026.

CITY OF STILWATER, OKLAHOMA
a Municipal Corporation

_____
WILLIAM H. JOYCE, MAYOR

(SEAL)
ATTEST:

_____
TERESA KADAVY, CITY CLERK

APPROVED AS TO FORM AND LEGALITY THIS 23RD DAY OF MARCH 2026.

_____
KIMBERLY CARNLEY, CITY ATTORNEY

EXHIBIT 2